# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 26, 2006

130541

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

LEGAL AID & DEFENDER ASSOCIATION,
INC.,
        Plaintiff,

v

        SC: 130541
        Wayne CC Family Division:
        03-015,442 and 03-416,483

WAYNE COUNTY CIRCUIT COURT,
        Defendant.

_____/

On order of the Court, the complaint for superintending control is considered, and relief is GRANTED in part. We direct the Chief Judge of the Wayne Circuit Court to enter a written order disposing of the plaintiff's October 1, 2004 motion for attorney fees within 28 days after the date of this order. If the court determines that the plaintiff is due compensation, the court will include the amount due in its written order.

CORRIGAN, J., dissents and states as follows:

I respectfully dissent from the order granting in part plaintiff's complaint for superintending control. I would deny the requested writ of superintending control because defendant Wayne Circuit Court Chief Judge Mary Beth Kelly has not violated a clear legal duty.

The underlying matter involves legal fees allegedly due under a contract for plaintiff Legal Aid & Defender Association to provide legal services to indigent juveniles. Plaintiff filed a motion for fees allegedly owed to it. The chief judge stated that the matter could be resolved by contract negotiations. The chief judge then launched those negotiations.

I am extremely troubled that while plaintiff was participating in those contract negotiations, it sought superintending control against the chief judge, failed to serve the chief judge, and failed even to advise the chief judge during negotiations that it was seeking superintending control.

## I. Procedural Defects

As required by MCR 3.301(C), plaintiff allegedly completed service of process on defendant of its complaint for superintending control. Plaintiff's proof of service did not satisfy the requirements of MCR 2.104.[1] Plaintiff's proof of service did not establish the essential facts of service, such as the manner, time, or place of service. Defendant attests that she was not personally served and that no one in her office received plaintiff's complaint. Defendant learned that plaintiff sought superintending control from the State Court Administrative Office, although plaintiff and the circuit court's representatives had participated in at least one negotiating session involving this very dispute after plaintiff sought superintending control in this Court.

## II. Underlying Facts

The circuit court contracted for plaintiff to provide legal representation to indigent juveniles involved in delinquency or neglect proceedings. That contract ran from October 1, 1999, through September 30, 2001. After the contract expired and at the circuit court's request, plaintiff agreed to continue to provide representation. Plaintiff contends that, since 2001, it has provided legal services for 1,202 cases over the 2,300-case threshold of the prior contract. In September 2004, plaintiff filed a motion for payment of legal fees for services rendered. At a hearing on October 8, 2004, one week after an initial hearing, defendant apparently set a further hearing on the matter for November 12, 2004, but no subsequent hearing occurred. On December 17, 2004, plaintiff's counsel inquired about the status of this motion in a letter to defendant. On December 23, 2004, plaintiff submitted a proposed order regarding the legal fees it sought, but the order was never entered. On March 23, 2005, plaintiff's counsel again inquired about the status of the motion in a letter.

In her reply, defendant chief judge states that, over the span of the contract and for the five years thereafter, plaintiff handled 1,881 fewer cases than would have been required under the contract. Since September 2001, plaintiff has been paid approximately $200,000 every month, as required under the earlier contract, through at least April 2006.

Defendant pointed out that at the October 8, 2004, hearing, she stated that plaintiff's motion for fees might alternatively be resolved through a new contract with plaintiff, rather than through adjudication.

---

[1] MCR 2.104(A) provides:

> Proof of service may be made by . . . (2) a certificate stating the facts of service, including the manner, time, date, and place of service, if service is made within the State of Michigan by . . . (d) an attorney for a party . . . .

On December 21, 2005, defendant wrote plaintiff's executive director describing the need for contract negotiations and requesting a meeting with plaintiff. On February 7 and 27, 2006, representatives of plaintiff and the circuit court met for contract negotiations.

Plaintiff filed this complaint for superintending control on February 17, 2006. Plaintiff's representatives did not mention this complaint during either contract negotiation session.

## III. Analysis

Superintending control is an extraordinary remedy. See *People v Burton*, 429 Mich 133, 139 (1987) (exercising superintending control is invoking an "extraordinary power"). Our Court employs this authority only if a "lower court failed to perform a clear legal duty." See *Frederick v Presque Isle Circuit Judge*, 439 Mich 1, 15 (1991); see also MCR 3.302(B);[2] *Musselman v Governor*, 448 Mich 503, 521-524 (1995), (*On Rehearing*), 450 Mich 574 (1996) (refusing to issue a writ of mandamus because a lack of constitutional authority prevented the Court from having a clear legal duty to order disbursal of funds).

In light of the facts described above, it is obvious that the chief judge has not neglected this matter. Contract negotiations are ongoing about these issues in the Wayne Circuit Court. Defendant had no clear legal duty to issue an order, which would permit progress only through litigation. This Court's order will short-circuit these negotiations. Plaintiff has not demonstrated a violation of a clear legal duty on this record.

## IV. Conclusion

By ordering defendant to enter an order disposing of plaintiff's claim within 28 days, our Court essentially requires plaintiff and the circuit court to resolve this contract matter by litigation. Defendant had no clear legal duty to issue an order because she stated that contract discussions, rather than adjudication, might address the matter. The chief judge has undertaken contract negotiations in which plaintiff has participated. Thus, I respectfully dissent.

---

[2] MCR 3.302(B), in relevant part, provides:

> If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 26, 2006

_Corbin R. Davis_
Clerk

d0523